**IN THE COURT OF APPEALS OF IOWA**
No. 23-1590
Filed January 24, 2024

**IN THE INTEREST OF A.W., A.W., and A.W.,**
**Minor Children,**

**L.J., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Donna M. Schauer of Schauer Law Office, Adel, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor children.

Considered by Bower, C.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights. She argues the statutory requirements for termination were not proven, termination is not in the best interests of the children, and a permissive exception under Iowa Code section 232.116(3) (2023) should be applied to preclude termination.

## I. Background Facts and Prior Proceedings

Twins A.W. and A.W., born in 2012, and sibling A.W., born in 2014, came to the attention of the Iowa Department of Health and Human Services (HHS) after they were left home alone by their mother overnight and were discovered by a garbage dumpster unattended. The children informed law enforcement they had slept in their mother's car overnight, after they were left alone and observed a mouse in their home. The children had been living with the mother; their parents had been separated since before the involvement of HHS.

The children were removed from parental custody in June 2021 and adjudicated children in need of assistance (CINA) in July. The children's removal followed instances of lack of supervision, the mother's use of alcohol, lack of necessary psychiatric care for the children, and failure to address the educational needs of one of the children. A dispositional hearing was held over three months in July, August, and September. The mother continued to struggle with substance abuse over this period. She was arrested for operating a motor vehicle while intoxicated in July and she admitted drinking alcohol over the noon break of the dispositional hearing date in September. After the September hearing, the mother submitted a test positive for alcohol at a level of 0.102%.

Following a permanency hearing in May 2022, the parents were granted a six-month extension, with the court finding that if the mother continued to participate in services the children could be returned to her custody. Yet the month following the permanency hearing, the mother was arrested for domestic violence, and in August she tested positive for cocaine. She denied cocaine use and failed to appear for additional drug screens in November, December, and January. While she completed several requested substance-abuse evaluations, her compliance often occurred only after a long delay. The mother did not participate in any substance-abuse treatment services for over a year following her June 2022 arrest. Her alcohol abuse continued, and she reported in July 2023 that she had been consuming a "six-pack three times a week" for the past six months. She also reported using cocaine twice a week for a year, ending in November 2022. The mother was diagnosed with alcohol use disorder and referred for extended outpatient treatment. The mother's visits with the children were inconsistent over the course of these proceedings, and she often missed opportunities for interaction with the children.

The State petitioned for termination of parental rights of both parents in January 2023. In August, the State dismissed the termination petition as to the father. The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2023), with custody and placed with the father.

## II. Standard of Review

"Our review of termination of parental rights proceedings is de novo." *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). We give weight to the court's findings of fact, but we are not bound by them. *Id.* "There must be clear and convincing

evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).

### III. Termination

Orders for termination of parental rights are reviewed through a three-step analysis. We determine first whether a ground for termination under section 232.116(1) has been established, second whether termination is in the best interest of the child, and third whether any permissive exceptions under section 232.116(3) apply to preclude termination. *Id.* at 219–20.

A. Grounds for termination.

The court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f). Because we find termination was warranted under 232.116(1)(f), we limit our discussion to those grounds.

Under section 232.116(1)(f) the grounds for termination are established if:

> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

"At the present time" means "the time of the termination hearing." *In re K.D.*, No. 16-1778, 2017 WL 108586, at *1 (Iowa Ct. App. Jan. 11, 2017). The mother does not dispute elements one, two, and three have been met. At the time of the termination hearing, the mother was living in a supportive housing program where

she would not be able to care for the children until she left the program. She testified this program would last from six months to two years.

In this appeal, rather than arguing that the children could be returned to her custody at the present time, or for an extension of time, the mother argues the "[f]ather's parental rights are not being terminated . . . so the children were safely placed in a *parental home.*" (Emphasis in original). But the father is not the parent in question in the instant appeal. The evidence presented at the termination hearing demonstrates that the children would be unable to be returned to the mother's custody at the time of the hearing.

The mother testified it would not be possible for the children to return to her custody for at least six months, and she has demonstrated throughout this case a repeated failure to make the progress necessary to care for the children. The mother already received an extension of time following the permanency hearing. And since the removal she has been arrested for domestic violence, charged and convicted of OWI, tested positive for cocaine, and been diagnosed with alcohol use disorder. At the termination hearing, she testified she had been sober for two months, but this short period of sobriety follows years of substance abuse.[1] "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The children could not be returned to the custody of their

---

[1] The mother was in her mid-forties at the time of the termination hearing. Her use of cocaine and alcohol began when she was seventeen years old; she began using marijuana at age fifteen.

mother at the time of the termination hearing. The State proved the statutory grounds of Iowa Code section 232.116(1)(f) by clear and convincing evidence.

B. Best interests and permissive exceptions

Even where grounds for termination exist, termination must still be found to be in the best interests of the children. *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). When considering best interests, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). Under Iowa Code section 232.116(3) permissive exceptions exist, and "'[t]he court need not terminate the relationship between the parent and child' under certain circumstances." *A.M.*, 843 N.W.2d at 113.

The mother argues termination is not in the best interests of the children because of the close relationship she shares with them, highlighting that under Iowa Code section 232.116(3), a close relationship between the parent and child is a permissive exception that may preclude termination. The court may choose not to terminate if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). "However, this circumstance is only one of many factors considered and is not controlling." *In re J.W.*, No. 02-1359, 2002 WL 31528638, at *3 (Iowa Ct. App. Nov. 15, 2002). And "the existence of a bond is not enough. The law requires clear and convincing evidence that termination would be detrimental . . . ." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (internal quotations omitted).

We do not question that the mother loves her children but her sporadic visits and inability to stay on the path to recovery prevent her from caring for them. Although one of the children expressed a position against termination, the other two took no position, and stated a desire to live full-time with their father. The mother testified that she opposed placement with the father. It is in the children's best interest to achieve long-term stability and permanency and the mother's intermittent involvement and unreliability do not contribute to the same. For the exception to preclude termination, the disadvantage of termination must outweigh the mother's inability to properly care for the children and the need for permanency. *See In re D.W.,* 791 N.W.2d 703, 709 (Iowa 2010); *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021). Any disadvantage does not outweigh the need for permanency, and we determine that the application of this permissive exception is unwarranted.

The mother also argues for the application of a permissive exception in that a relative has custody of the children. Iowa Code section 232.116(3)(a) permits the court to determine that termination should not occur if a relative has custody of the children. The children were in the custody of their father. The district court disagreed that this justified the application of the permissive exception, concluding:

> [The father] and [the mother] bring out the worst in each other. They cannot co-parent. [The mother] does not believe the children should live with [the father]. She has made recent and also improbable reports that [the father] is stalking her . . . . All of these factors could cause further disruption and instability for the children. The children are already fragile and working to restore their mental health. The children have a chance now to grow up together, with a parent. This chance should be protected. The children's best chance at long-term stability is for [the mother's] parental rights to be terminated.

We agree, based on these facts, that the application of this permissive exception is also not warranted.

"'Children simply cannot wait for responsible parenting. . . . It must be constant, responsible, and reliable.' It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) (quoting *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990)). Considering the mother's inability to demonstrate sustained sobriety and the length of time the children have been out of her custody, we conclude that termination is in the best interests of the children, and the application of a permissive exception is unwarranted.

**IV. Conclusion**

Grounds for termination of the mother's parental rights exist under section 232.116(1)(f) as the children could not be returned to her custody at the time of the termination hearing. Termination is in the best interests of the children and the application of a permissive exception to preclude termination is unwarranted. Accordingly, we affirm.

**AFFIRMED.**